UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET WURZINGER, on behalf of RICHARD FARLEY, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 09-2232 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**<u>INTRODUCTION AND SUMMARY</u>**

On December 11, 2009, plaintiff Margaret Wurzinger, on behalf of her deceased brother Richard Farley, ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.]

On June 14, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 17, 18, 19.]

In sum, having studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that the Administrative Law Judge ("ALJ") erred in failing to discuss the statements of a lay witness. The ALJ's lack of analysis cannot be reconciled with Ninth Circuit precedent explaining that lay witness testimony is competent evidence and cannot be disregarded without comment. Accordingly, the Court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.
## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 57 years old on the date of his alleged onset date, has a high school equivalent education. (*See* Administrative Record ("AR") at 12, 18, 65, 75.)

On January 18, 2007, Plaintiff filed for DIB. (AR at 12, 22, 65.) On March 2, 2007, Plaintiff filed for SSI. (*Id.* at 12.) In both applications, Plaintiff alleged that he has been disabled since June 1, 2006 due to back problems, a right shoulder injury, post-traumatic stress disorder, heart problems, shortness of breath, and an unspecified mood disorder. (*See id.* at 12, 33, 69; Joint Stip. at 2.)

On November 19, 2008, Plaintiff was admitted to Loma Linda University Medical Center where he died on November 23, 2008 from "[c]ardiac arrest secondary to septic shock with pneumonia and lung cancer." (AR at 249.) On or about December 23, 2008, a Notice Regarding Substitution of Party Upon Death of Claimant was filed by Plaintiff's sister Margaret Wurzinger. (*Id.* at 50-51.)

On March 3, 2009, Margaret Wurzinger, represented by counsel, appeared on Plaintiff's behalf and testified at a hearing before an ALJ. (*See* AR at 290-300.) The ALJ also heard testimony from Corinne Porter, a vocational expert ("VE"), and Samuel Landau, M.D., a medical expert ("ME"). (*Id.*; *see also id.* at 12, 53-54, 56-57.)

On July 20, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 12-20.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 14.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "ischemic heart disease, degenerative joint disease in back and in the left shoulder." (AR at 14 (emphasis omitted).)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] (AR at 15.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that he can perform medium work. (AR at 15.) Specifically, the ALJ found that Plaintiff could:

> lift and carry twenty-five pounds frequently and fifty pounds occasionally, stand and walk six hours of an eight-hour workday and sit six hours of an eight-hour workday. [Plaintiff] could climb stairs, but he could not climb ladders, work at heights, or balance. [Plaintiff] could stoop and bend occasionally. [Plaintiff] could occasionally work above shoulder level on the right. [Plaintiff] could not operate motorized equipment or work

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

1           around unprotected machinery[.]

2 (*Id.* at 15-16 (emphasis omitted).)

3       The ALJ found, at step four, that Plaintiff lacks the ability to perform his past
4 relevant work as a plumber. (AR at 18.)

5       At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found
6 that "there are jobs that exist in significant numbers in the national economy that
7 [Plaintiff] can perform," including hand packer, sandwich maker, and cook's helper.
8 (AR at 18-19 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not
9 suffering from a disability as defined by the Act. (*Id.* at 12, 19.)

10       Margaret Wurzinger filed a timely request for review of the ALJ's decision,
11 which was denied by the Appeals Council. (AR at 4-6, 7.) The ALJ's decision
12 stands as the final decision of the Commissioner.

### III.

### **STANDARD OF REVIEW**

15       This Court is empowered to review decisions by the Commissioner to deny
16 benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security
17 Administration must be upheld if they are free of legal error and supported by
18 substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*
19 *amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings
20 are based on legal error or are not supported by substantial evidence in the record,
21 the court may reject the findings and set aside the decision to deny benefits.
22 *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,
23 242 F.3d 1144, 1147 (9th Cir. 2001).

24       "Substantial evidence is more than a mere scintilla, but less than a
25 preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
26 evidence which a reasonable person might accept as adequate to support a
27 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d
28 at 459. To determine whether substantial evidence supports the ALJ's finding, the

reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Three disputed issues are presented for decision here:

1. whether the ALJ properly considered whether Plaintiff's impairments met or equaled listing 4.04, (*see* Joint Stip. at 3-8, 9-10);

2. whether the ALJ properly held that Plaintiff could perform the jobs of hand packer, sandwich maker and cook's helper, (*id.* at 10-15, 16-17); and

3. whether the ALJ properly considered the lay witness testimony of Plaintiff's friend. (*Id.* at 17-20, 22.)

Under the circumstances here, the Court finds the issue of the ALJ's assessment of Plaintiff's lay witness's statements to be dispositive of this matter, and declines to substantively address the remaining issues.

## V.
## DISCUSSION AND ANALYSIS

A. Lay Witness Testimony

Plaintiff contends that "[i]n his decision, the ALJ completely ignored [the Third Party Function Report of Maria Paulina Soares ("Ms. Soares") and] . . . did not indicate if he accepted or rejected plaintiff's friend's testimony nor did he give germane reasons for rejecting this testimony." (Joint Stip. at 19.) Plaintiff argues that "plaintiff's friend lived in a house right next to him and saw him on a daily

5

basis. Thus, she would clearly have the ability to discuss his limitations and symptoms[.]" (*Id.*)

### 1. Lay Witness Testimony Cannot Be Disregarded Without Comment

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses and citation omitted) (italics in original); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1513(d)(4) (explaining that Commissioner will consider evidence from "non-medical sources[,]" including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy[,]" in determining how a claimant's impairments affect his or her ability to work) & 416.913(d)(4) (same).

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Finally, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

### 2. The ALJ Failed to Discuss the Lay Witness Testimony

The ALJ failed to discuss or otherwise reject the lay witness statements of Ms. Soares. The Court cannot find the error harmless. Three reasons guide this determination.

6

1    First, the record is clear that the ALJ did not discuss the third-party statements
2 of Ms. Soares.  (*See* AR at 17 (ALJ citing to "Exhibit 4E," which was Ms. Soares'
3 Third Party Report, in discounting Plaintiff's credibility), 86-93; *see generally id.* at
4 12-20.)  Accordingly, the ALJ erred.  *See Stout*, 454 F.3d at 1054 ("[T]he ALJ's
5 decision wholly fails to mention [the testimony of two lay witnesses] about how
6 Stout's impairments affect his ability to work.  Therefore, the ALJ erred."); *Robbins*
7 *v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) ("It is uncontested that the
8 ALJ erred by failing to account for the August 1998 testimony of Robbins's son
9 Rodney in which Rodney offered eyewitness evidence supporting his father's claims
10 as to the functional limitations and severity of pain.  As the Commissioner concedes,
11 the ALJ is required to account for all lay witness testimony in the discussion of his
12 or her findings.").

13    Second, Defendant contends that "[b]ased, in part, on Ms. Soares report of
14 Plaintiff's daily activities, the ALJ determined that Plaintiff's allegations were not
15 totally credible."  (Joint Stip. at 21.)  Defendant implies that the ALJ accepted Ms.
16 Soares' lay witness testimony.  Defendant's point is not well-taken.

17    The Court fails to see how the ALJ's negative credibility determination of
18 Plaintiff relieves him of his duty to account for Ms. Soares' testimony regarding how
19 Plaintiff's impairments affect his ability to work.  *Stout*, 454 F.3d at 1054.

20    In any event, assuming *arguendo* that the ALJ accepted Ms. Soares' lay
21 witness testimony as demonstrated by his rejection of Plaintiff's credibility based
22 partly on her statements, the ALJ's conclusion is not supported by substantial
23 evidence.  Contrary to Defendant's assertion, Ms. Soares' statements support
24 Plaintiff's credibility.  In her Third Party Report, completed on April 28, 2007, Ms.
25 Soares indicated that Plaintiff was living in a guest room on the first floor of her
26 home.  (AR at 86-93.)  Ms. Soares stated that she "had to ask him to bathe more
27 often since he used to smell very bad" and Plaintiff cut his hair only on her
28 "insistence."  (*Id.* at 87.)  In fact, Ms. Soares reported that she had to remind Plaintiff

7

1 to shower, change his clothes, and shave.  (*Id.* at 88.)

2       While Ms. Soares reported that Plaintiff "does small to medium house repairs" for her, she also admitted, "it takes him weeks to finish if not having to [make the] repair again."  (AR at 88.)  Ms. Soares indicated that Plaintiff has difficulty kneeling, lifting, bending, walking, hearing, climbing stairs, following instructions, concentrating, understanding, and completing tasks.  (*Id.* at 91.)

      Further, in a letter submitted to the Social Security Administration dated December 31, 2007, Ms. Soares wrote that she met Plaintiff when she "realized [Plaintiff] was living in his truck parked on [her] property. . . [and] offered him a small room down stairs to live in" because of "his homeless condition and [the] heavy winter[.]"  (AR at 111.)  Ms. Soares reported that Plaintiff has "severe memory impairment in addition to physical illnesses" and "had suffered from two major heart attacks."  (*Id.*)  She stated that he also has "severe pain on his knee and back[.]"  (*Id.*)

      Given Ms. Soares' statements regarding Plaintiff's ability to complete tasks, among other impairments, the Court cannot *confidently* conclude that no reasonable ALJ could have reached a different disability determination if the lay witness statements had been *fully* credited.  *Stout*, 454 F.3d at 1056.

      Third, Defendant argues that Plaintiff's complaints are not supported by the objective medical evidence.  (*See* Joint Stip. at 21.)  However, the Court's review is limited to the reasons actually provided by the ALJ in his decision and he did not rely on this reason in discounting Ms. Soares' testimony.  In the end, the ALJ did not provide any reasons, let alone a legitimate reason germane to Ms. Soares, for discounting her lay witness testimony.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts[ and i]t was error for the district court to affirm

1 the ALJ's . . . decision based on evidence that the ALJ did not discuss.") (citing *SEC*
2 *v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## VI.
## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ erred in failing to properly address the lay witness statements offered by Plaintiff's friend.[3/] On remand, the ALJ shall consider Ms. Soares' lay witness statements and, if he decides to reject any or all of her statements, he must provide reason(s) that are germane to Ms. Soares. Further, the ALJ shall then proceed through steps three through four and, with the assistance of a VE, reassess his step five determination.[4/]

---

[3/] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contentions. (*See* Joint Stip. at 3-8, 9-10, 10-15, 16-17.)

[4/] Although the Court declines to address Plaintiff's claim regarding the ALJ's step five determination, the Court notes that the VE's testimony appears to be inconsistent with the *Dictionary of Occupational Titles* ("DOT") and does not comport with the ALJ's RFC assessment restricting Plaintiff from "work around

9

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 30, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

unprotected machinery." (*Compare* AR at 18-19, 299 *with* DOT 920.587-0018, 1991 WL 687916 (description of hand packager occupation); DOT 317.664-010, 1991 WL 672749 (description of sandwich maker occupation); DOT 316.687-010, 1991 WL 672752 (description of cook's helper occupation).) Accordingly, to the extent there are any inconsistencies at step five between the VE's testimony and the DOT, on remand, the ALJ shall obtain a reasonable explanation for any apparent conflict. *See Massachi*, 486 F.3d at 1152-53.